**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| RICHARD J. HUTCHISON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-00103-JAR |
| ) | |
| JUDGE WILLIAM EDWARD REEVES, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Richard J. Hutchison, Jr.'s application to proceed in the district court without prepaying fees or costs. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. Furthermore, based upon an initial review of the complaint, the Court will dismiss the complaint without prejudice.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the

prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the application, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

## Legal Standard on Initial Review

This Court is required to review a complaint filed without payment of the filing fee to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at

679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

## Background

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Sixth and Eighth Amendment rights. Prior to plaintiff filing this case, the Circuit Court of New Madrid Country brought felony criminal charges against plaintiff for one count of delivery of a controlled substance. *See State v. Hutchison*, No. 21NM-CR00280-01 (New Madrid County). Plaintiff is represented in the underlying criminal case by Kayla Gail McKenzie, a public defender. Based on the most recent docket entries, the case was set for trial on August 14, 2023, but at the request of defendant's attorney, a new trial date was set for September 12, 2023. On September 12, 2023, attorneys for both parties appeared and the case was reset for October 10, 2023. This hearing resulted in another extension until October 24, 2023. Most recently, on October 24, 2023, plaintiff appeared for a hearing with counsel. His motions for bond reduction were heard and taken under advisement. Plaintiff's case is set for reappearance on November 28, 2023.

Plaintiff's criminal case was originally assigned to Judge William Edward Reeves, but was reassigned on July 20, 2023 to Judge Joshua D. Underwood. Judge Underwood is still presiding over the case.

## The Complaint

In his complaint, plaintiff asserts civil rights violations against defendants Judge William Edward Reeves and the Missouri Public Defender System. He states that he has been incarcerated since November 7, 2021 with an excessive bond. He states he has not had an attorney since November 1, 2022. Although he says he was assigned a lawyer in April 2023 for his charge originating in New Madrid County, he alleges he is "still without [a lawyer] on the others."

He states defendant Judge Reeves had scheduled a trial date without plaintiff having representation, and allowed Mississippi County prosecutors to charge him twice for the same crimes. He speculates that the Mississippi County prosecutor did this to prevent him from bonding out. Further, he speculates that the public defender's office worked with the prosecuting attorney by refusing him representation. He states that this was to force him to take a plea deal amid threats of a longer prison time.

He states his mental health has suffered as a result. Because he has not had access to a doctor, he states his blood pressure is high and is causing irretrievable damage. For relief he "would like the court to protect my rights in this matter as well as help me recover lost moneys for my lengthy unjust imprisonment."

## Discussion

The Missouri state court docket for plaintiff's case pending in New Madrid County reflects that plaintiff was arraigned on June 22, 2022. *See State v. Hutchison*, No. 21NM-CR00280-01 (New Madrid County). He was represented by attorney David W. Newell. His attorney filed several motions for continuance, and eventually moved to withdraw from the case on September 14, 2022. Based on the record, plaintiff was unrepresented until April 24, 2023, when Timothy

James Houck, Jr. entered his appearance on behalf of plaintiff. Mr. Hauck later withdrew his appearance, and on June 29, 2023, assistant public defender Kayla McKenzie entered her appearance on plaintiff's behalf. On May 11, 2023 and August 7, 2023, plaintiff filed motions for bond reduction.

The docket sheet in plaintiff's underlying criminal case refutes some of plaintiff's factual assertions. Based on the public docket sheet, plaintiff has been represented by three public defenders over the course of his case. Although a trial setting was placed on the docket between the time that one of his attorneys withdrew his appearance and his next attorney entered his appearance, no trial took place and no substantive issues were brought before the Circuit Court during this time. Two motions for bond reduction were filed with the Circuit Court, and on October 24, 2023 the Court heard the motions and took them under advisement.

    *(a)*    *Excessive bond claim*

Plaintiff alleges that the defendants have violated his constitutional rights by keeping him incarcerated since November 7, 2021 with excessive bond. Federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco*, 649 F.2d at 636. Due to this reluctance to interfere, and in the interest of comity between state and federal courts, a plaintiff is required to exhaust state remedies before seeking federal court relief. *See Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Plaintiff has failed to exhaust his state court remedies with regard to bond. The trial court heard his motions and took them under advisement on October 24, 2023. There is no indication that plaintiff ever attempted to have his bond conditions reviewed by Missouri's appellate courts pursuant to Missouri's Supreme Court Rules. He has not established any "special circumstances" that would allow him to avoid the exhaustion requirement. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (stating that "exceptions to the exhaustion requirement apply only in extraordinary circumstances" and that the burden is on petitioner to demonstrate such circumstances). The Court declines plaintiff's request to rule upon the constitutionality of his bond before his motions have been decided by the trial court and before he has sought review from the state appellate courts. As such, plaintiff's excessive bond claim will be dismissed.

  *(b)  Claims against Missouri Public Defender System*

Plaintiff's claims against the Missouri Public Defender System arise out of his public defenders' representation of him in his state court criminal proceedings. Again, plaintiff has raised these issues in the state court; and has been appointed new counsel. The complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). All of plaintiff's claims against his public defenders arise out of his various public defenders' representation of him in state court. As a result, plaintiff's claims against the Missouri State Public Defenders Office will be dismissed.

  *(c)  Claims against Judge William Edward Reeves*

As to plaintiff's allegations against Judge William Edward Reeves, Judge Reeves is not subject to suit under § 1983. Judicial immunity provides judges with immunity from suit, allowing them to exercise the authority with which they are vested, and to act upon their own convictions. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

Plaintiff's complaint concerns judicial actions taken within the state court's jurisdiction. *See Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012); *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). Therefore, no exception to the doctrine of judicial immunity applies to plaintiff's case. The Court will dismiss plaintiff's claims against Judge William Edward Reeves under the doctrine of judicial immunity.

In summary, while the Court is certainly sympathetic to Plaintiff's concerns about delay and the lack of representation during periods of his confinement, the complaint must be dismissed for the reasons set forth above.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 8th day of November, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE